Dear Mayor Goldsby:
On behalf of the town of Amite you have requested an opinion of the Attorney General on whether it is legal for a councilman to request and receive a specified amount of funding for each council district. Specifically, you state that a councilman has requested that the Fiscal Year End (FYE 6/30/07) budget include a $50,000 allocation for each council district for improvements. Each respective councilman would then make recommendations to the full council before the funds are expended in his district.
The Town of Amite is a political subdivision of the State of Louisiana operating under and governed by the Lawrason Act (LSA-R.S. 33:321-463). Under the Lawrason Act, the Mayor is the chief executive officer of the municipality and the council is vested with the legislative powers of the municipality. Local governments operating and governed by the Lawrason Act are also subject to the Louisiana Local Government Budget Act (Budget Act) as set forth in LSA-R.S. 39:1301-1315.
Section 404 of the Lawrason Act sets forth the duties of the Mayor, and provides in Section 404A (5) that the Mayor shall prepare and submit an annual operations budget and a capital improvements budget for the municipality (town), to the board of alderman (council) in accordance with the provisions of R.S.39:1301 et seq. (Louisiana Local Government Budget Act) and any other supplementary laws or ordinances.
The Budget Act requires each political subdivision cause to be prepared a comprehensive budget presenting a complete financial plan for each fiscal year for the general fund and each special revenue fund. R.S. 39:1305 states that the budget document must include the following:
 "(2)(a) A statement for the general fund and each special revenue fund showing the estimated fund balances at the beginning of the year; estimates of all receipts and revenues to be received; revenues itemized by source; recommended expenditures itemized by agency, department, function, and character; other financing sources and uses *Page 2 
by source and use; and the estimated fund balance at the end of the fiscal year." (Emphasis added)
R.S. 39:1311 pertains to budgetary authority and control and differentiates between the authority of the chief executive and administrative officers of the political subdivision and the governing authority of the political subdivision, which latter term is defined in R.S. 39:1302(2) to mean "the body which exercises the legislative functions of the political subdivision." R.S. 39:1311 provides in pertinent part as follows:
 "A. The adopted budget and any duly authorized adopted amendments shall form the framework from which the chief executive or administrative officers and members of the governing authority of the political subdivision shall monitor revenues and control expenditures . . .
 * * *
 C. The adopted budget and any duly authorized amendments required by this Section shall constitute the authority of the chief executive or administrative officers of the political subdivision to incur liability and authorize expenditures from the respective budgeted funds during the fiscal year." (Emphasis added)
Accordingly, under the Budget Act, it is the chief executive, which in this instance is the Mayor, and not the members of the governing authority, which in this case is the Town Council, who is given the authority to incur liability and authorize expenditures from budgeted funds.
Amendments to an approved budget are also covered under the Budget Act. Pursuant to R.S. 39:1310, when the governing authority has received notification of specific changes in total revenue and/or total actual expenditures, or there has been a change in operations, upon which the original adopted budget was developed, the governing authority, which in this case is the Town Council, shall adopt a budget amendment in an open meeting to reflect such change.
While the council should be given the opportunity to submit input for purposes of initial budget preparation, and we can find no law that would prohibit a councilman from requesting of the mayor that a specific appropriation be included the proposed budget, it is clear from the statutes pertaining to the Lawrason Act and Budget Act, that the authority to prepare the initial budget is vested exclusively with the Mayor and the authority to adopt and amend the budget is vested with the Mayor and Town Council. Therefore, if the submitted and adopted budget contains a $50,000 allocation for each District, the Mayor, not the Council, has the authority to make the expenditure. In addition, if the budget is not specific as to what improvements in each District are covered by the budget appropriation, then the Mayor may decide the specific project *Page 3 
and amount to be expended. Notwithstanding the authority of the Mayor in his authority to incur liabilities and authorize expenditures, our office would advise that the Mayor and Council work together in making the specific budget expenditures.
As required by the Lawrason Act and the Budget Act, the proposed annual operating budget is prepared by the Mayor and then submitted to the Town Council for consideration and adoption. Pursuant to Section 1305E of the Budget Act, the adopted budget shall be balanced with approved expenditures not exceeding the total estimated funds available. Also see R.S.33:2921, which states that no municipality "shall, in any one year, make any appropriation of, approve any claim against, or make any expenditure from the annual revenue for that year, if the appropriation, approved claim, or expenditure, separately or together with other appropriations, approved claims or expenditure, is in excess of the estimated revenue of that year."
Pursuant to R.S. 39:406 of the Lawrason Act the town council may, by resolution, require the mayor to expend funds previously appropriated in the budget. Therefore, should the town budget include a $50,000 allocation to each council district for improvements and the Mayor fail to appropriate the budgeted funds, the council may pass a resolution requiring the mayor to expend the funds as previously appropriated in the approved budget.
It is, therefore, the opinion of this office that the Mayor of the Town of Amite prepares and submits the annual budget to the Town Council for consideration and approval. Absent a specific line item in the budget specifying improvements in each District and the amount for each improvement, the Mayor has the authority to decide what improvements will receive the budgeted allocation. Once a budget is adopted the Town Council may pass a resolution requiring the Mayor to expend funds that were previously appropriated in the approved budget or may amend the budget if there has been a change in total revenue and/or expenditures, or there has been a change in operations.
We trust that this answers your inquiry.
Very truly yours,
 CHARLES C. FOTI, JR. Attorney General
 By: ___________________________ RICHARD L. McGIMSEY Assistant Attorney General
CCF/RLM/jv